**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000787
18-DEC-2013
08:32 AM**

NO. CAAP-13-0000787


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NEIL YONEJI, Successor Trustee of the
Mitsuo Yoneji Revocable Trust dated November 27, 1985
and NEIL YONEJI and CLAIRE YONEJI, individually and as Trustees
of the Yoneji Revocable Family Trust Dated August 31, 1998,
Plaintiffs-Appellants,
v.
CHARLENE YONEJI and MARY KAZUMI YONEJI,
Defendants-Appellees,
and
John Does 1-10, Jane Does 1-10, Doe Partnerships, Corporations or
Entities 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 09-1-0282)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Upon review of the record on appeal, it appears that we do not have jurisdiction over this appeal that Plaintiffs/ Counterclaim-Defendants/Appellants Neil Yoneji and Claire Yoneji (the Yoneji Appellants) have asserted from the Honorable Kathleen N.A. Watanabe's May 1, 2013 judgment, because the May 1, 2013

judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2012), Rules 54(b) and 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).
> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $____ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those

> listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (some emphasis added). The finding necessary for certification under HRCP Rule 54(b) is "an express determination that there is no just reason for delay . . . for the entry of judgment" as to one or more but fewer than all claims or parties. HRCP Rule 54(b). Therefore, when a party seeks appellate review of an order that adjudicates one or more but fewer than all of the claims or parties, the "party cannot appeal from [the] circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994) (emphases added).

The May 1, 2013 judgment neither resolves all claims against all parties in this case nor contains the express finding of "no just reason for delay in the entry of judgment" that is necessary for a judgment on one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b). Although the circuit court entered an April 24, 2013 order that authorized the entry of an HRCP Rule 54(b)-certified judgment in favor of Defendant-Appellee Charlene Yoneji and against the Yoneji Appellants, the Yoneji Appellants "cannot appeal from [the] circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994) (emphases added). Furthermore, even if the May 1, 2013 judgment contained the HRCP Rule 54(b) certification language (which it does not), the May 1, 2013 judgment would still fail to satisfy the requirements for appealability under the holding in Jenkins v. Cades Schutte Fleming & Wright, because the May 1, 2012 judgment does not specifically identify the claim or claims on which the circuit court intends to enter judgment in favor of Defendant-Appellee Charlene Yoneji and against the Yoneji Appellants, despite that this multiple-claim case involves a six-count complaint and a counterclaim. Under the circumstances, the May 1, 2013 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in Jenkins. Absent an appealable final judgment in this case, the Yoneji

Appellants' appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-13-0000787.

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0000787 is dismissed for lack of appellate jurisdiction.

Accordingly, IT IS HEREBY FURTHER ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, **December 18, 2013.**


Chief Judge


Associate Judge


Associate Judge